Jennie FRANKLIN and Elaine Quigley, as next friends for Wilford Lee Berry, Petitioners–Appellants,

v.

Rodney L. FRANCIS, Warden, Respondent–Appellee.

No. 99–3131.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 10, 1999.

Decided Feb. 17, 1999.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 18, 1999.

David H. Bodiker, J. Joseph Bodine, Jr., Laurence E. Komp (briefed), Public Defender's Office, Ohio Public Defender Commission, Columbus, Ohio, for Appellants.

Sharon A. McClellan, Bradley D. Barbin (briefed), Office of the Attorney General of Ohio, Columbus, Ohio, for Appellee.

Before: RYAN, SILER, and GILMAN, Circuit Judges.

## OPINION

PER CURIAM.

Petitioners, Jennie Franklin and Elaine Quigley, proceeding as next friends for Wilford Lee Berry, who is under a death sentence, appeal the district court's denial of their motion under Federal Rule of Civil Procedure 59 to alter or amend the previous judgment dismissing their habeas corpus petition under 28 U.S.C. § 2254. They have also filed a motion pursuant to 28 U.S.C. § 2251 to stay Berry's execution, currently set for February 19, 1999. For reasons stated herein, we deny the motion for a stay of execution and affirm the ruling of the district court.

This case was the subject of a previous appeal, *Franklin v. Francis*, 144 F.3d 429 (6th Cir.1998). There, we held that the Ohio Supreme Court correctly found that Berry was competent to waive collateral review of his sentence and that, therefore, the district court did not have jurisdiction to entertain the petition for a writ of habeas corpus by the next friends of the condemned.

After this case was remanded to the district court, the next friends petitioned the

district court under Rule 59 to alter or amend the judgment because of allegedly new, previously undisclosed evidence of serious injuries that Berry sustained during a riot at the Mansfield Correctional Institution on September 5, 1997. They assert that these injuries might affect Berry's current competency. In support of their position, they have submitted an affidavit from Dr. David L. Bachman, a neurologist, who indicates that "there is sufficient circumstantial evidence to suggest that [Berry] sustained a significant concussive injury at the time of his beating." He went on to say that "injury to the frontal part of the brain may result in abnormalities of behavior that impair judgment and insight. Deficits in these areas may impact on the prisoner's ability to make competent judgments regarding his legal claims." This was supported by the earlier opinion of Dr. Douglas Mossman, according to the petitioners.

However, the previous hearing on Berry's competency was held in June 1997, several months before the riot at Mansfield. Although the decision from the Ohio Supreme Court finding that Berry was competent to waive his rights was filed on December 3, 1997, in *State v. Berry,* 80 Ohio St.3d 371, 686 N.E.2d 1097 (1997), the issue of competency was decided a substantial time before Berry received his injuries in the riot at the prison. On the other hand, the state filed an affidavit by Dr. Michael S. Witter, a clinical psychologist, stating that he has "talked with inmate Berry at least once every two weeks since his incarceration at CNC." He went on to say that he last spoke to Berry on the same date he signed his affidavit, August 20, 1998, and that although he showed symptoms of anxiety, he did not have any "signs or symptoms of severe mental illness." He also stated that Berry had been seen monthly by the staff psychiatrist and other members of the mental health staff.

The district court properly analyzed the motion under Rule 59. As it said, "litigants may not utilize Rule 59 to raise issues unrelated to the merits of the judgment sought to be amended," citing *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). As it properly found, the only issue that the district court had jurisdiction to consider was whether the Ohio Supreme Court used the correct legal standard to determine Berry's competence. Our decision previously found that the correct standard was applied, so a Rule 59 motion is not appropriate here. The district court further analyzed the proceeding by stating that "if the newly discovered evidence does significantly change the posture of this case, as Petitioners argue it does, then the Ohio state courts must first be given the opportunity to consider the evidence before this court may address it." Petitioners have not presented any new evidence in the state court; therefore, they have not met their burden of proving they exhausted state remedies with regard to this evidence. At this point, the issues raised by the new evidence are appropriate for consideration only in the Ohio state courts.

The Ohio Supreme Court, acting through its trial court, found that Berry had "a knowing, intelligent, and voluntary waiver of his right to proceed." *See Whitmore v. Arkansas,* 495 U.S. 149, 165, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990). As the district court appropriately observed, if there is any new evidence to be considered or bad faith to be determined on that issue, the Ohio state courts should decide those questions.

Therefore, inasmuch as we do not have jurisdiction to entertain this appeal of the denial of the motion to amend or alter under Rule 59, a stay of the execution is inappropriate.

**AFFIRMED.**